# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOHER LEE DIAZ** <br> Debtor. | § § § § § | **Case No. 11-53402** |
| **CHRISTOPHER LEE DIAZ,** <br> Plaintiff, <br> v. <br> **NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORP., NAVIENT PRIVATE LOAN TRUST, NAVIENT FEDERAL LOAN TRUST AND VL FUNDING, LLC** <br> Defendants. | § § § § § § § § § § § § § § § | **Adv. Pro. No. 21-_____** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Christopher Lee Diaz and files this his Original Complaint and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I). Plaintiff consents to entry of a final judgment by this Court.

2. Venue is proper in this Court because the main bankruptcy case, Case No. 11-53402 (the "Bankruptcy Case"), was filed before the Court.

3.	Plaintiff was the Debtor in the Bankruptcy Case. The Bankruptcy Case was filed on September 30, 2011 (the "Petition Date).

4.	Defendant Navient Solutions, LLC is a Delaware Limited Liability Company which may be served by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.	Defendant Navient Credit Finance Corporation is a Delaware corporation which may be served by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6.	Defendant Navient Private Loan Trust is a subsidiary of Navient Corporation and may be served by serving John F. Redmondi, President, 2001 Edmund Halley, Dr., Reston, VA 20191.

7.	Defendant Navient Federal Loan Trust is a subsidiary of Navient Corporation and may be served by serving John F. Redmondi, President, 2001 Edmund Halley Dr., Reston, VA 20191.

8.	Defendant VL Funding, LLC is a Delaware Limited Liability Company which may be served by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

**FACTUAL BACKGROUND**

9.	Plaintiff Christopher Lee Diaz attended the University of Texas at San Antonio ("UTSA") from August 2005 to August 2008. He attended Northwest Vista College ("NVC") from July 2006 through July 2007. He additionally took a class from Davenport University ("Davenport") in January 2009. Together, UTSA, NVC and Davenport are referred to as the Schools.   While attending the Schools, he applied to Sallie Mae (which subsequently became

Navient) for loans. He took out one Signature Student loan and eighteen Tuition Answer loans. These loans were based upon his personal credit and not upon his cost to attend an accredited university. While Sallie Mae requested proof of enrollment in each of the Schools, it did not tie the Loans to his cost of attendance ("COA").

10. The loans ("the Loans") are summarized as follows:

| Number (last 4 digits) | Type | Current Holder | Amount |
|---|---|---|---|
| 00618 | Signature Student | Navient Private Loan Trust | $20,000.36 |
| 0894 | Tuition Answer | Navient Credit Finance Corp. | $12,649.67 |
| 0902 | Tuition Answer | Navient Credit Finance Corp. | $ 7,426.79 |
| 0910 | Tuition Answer | Navient Credit Finance Corp. | $ 8,947.57 |
| 0928 | Tuition Answer | VL Funding, LLC | $ 6,830.14 |
| 0936 | Tuition Answer | Navient Federal Loan Trust | $ 5,726.18 |
| 0944 | Tuition Answer | Navient Federal Loan Trust | $ 9,677.74 |
| 0951 | Tuition Answer | Navient Federal Loan Trust | $ 7,670.37 |
| 0969 | Tuition Answer | Navient Federal Loan Trust | $ 8,637.85 |
| 0977 | Tuition Answer | Navient Credit Finance Corp. | $ 8,241.23 |
| 0985 | Tuition Answer | Navient Credit Finance Corp. | $11,236.44 |
| 0993 | Tuition Answer | Navient Credit Finance Corp. | $10,900.81 |
| 1009 | Tuition Answer | Navient Credit Finance Corp. | $13,078.91 |
| 1017 | Tuition Answer | Navient Credit Finance Corp. | $ 8,765.36 |
| 1025 | Tuition Answer | Navient Private Loan Trust | $12,997.35 |
| 1033 | Tuition Answer | Navient Private Loan Trust | $ 5,489.85 |
| 1041 | Tuition Answer | Navient Private Loan Trust | $14,220.86 |
| 1058 | Tuition Answer | Navient Credit Finance Corp. | $12,697.90 |
| 1066 | Tuition Answer | Navient Credit Finance Corp. | $11,455.50 |
| Total | | | $196,650.88 |

11. Tuition Answer loans are direct to consumer private student loans. They are not made or guaranteed by any governmental or non-profit entity. They are not limited to the COA at any particular school.

12. Signature Student loans are also private student loans which are not limited to the COA at any particular school.

13. None of the Loans were made, insured or guaranteed by a governmental unit or made under any program funded in whole or in part by a governmental unit or nonprofit institution. Specifically, the loans were made by Sallie Mae, a private for-profit institution.

14. None of the Loans constituted an obligation to repay funds receive as an educational benefit, scholarship or stipend. Specifically, the Loans were extensions of credit and therefore fell outside of the exception to discharge contained in 11 U.S.C. §523(a)(8)(A)(II).

15. None of the Loans were a qualified educational loan as defined in section 221(d)(1) of the Internal Revenue Code. Specifically, they were not made to cover the cost of attendance at a Title IV accredited institution but rather, were made to Plaintiff based upon his credit.

16. On September 30, 2011, Plaintiff filed the Bankruptcy Case.

17. On January 6, 2012, Plaintiff received a discharge in the Bankruptcy Case.

18. Defendants have continuously sought to collect upon the Loans from Plaintiff since the date that he received the discharge.

19. On August 18, 2021, Plaintiff sent Defendants a demand letter requesting that the loans be deemed to be discharged. Defendants replied and asserted that the loans had not been discharged.

**FIRST CAUSE OF ACTION—DETERMINE DISCHARGEABILITY OF DEBTS**

20. Plaintiff requests a declaration that each of the Loans was discharged in the Bankruptcy Case. As stated above, the Loans do not fit within any of the three types of non-dischargeable debts under 11 U.S.C. §523(a)(8). In the absence of an exception to discharge, the Loans were discharged.

**SECOND CAUSE OF ACTION—RECOVER DAMAGES FOR VIOLATION OF THE DISCHARGE**

21. The discharge "operates as an injunction against . . . an act, to collect, recover or offset any such debt as a personal liability of the debtor."

22. The Debtor received a discharge in the Bankruptcy Case.

23. Defendants had knowledge of the discharge.

24. Defendants intended acts which violated the discharge in the Bankruptcy Case by continuing to attempt to collect the Loans as a personal liability of Plaintiff.

25. The Bankruptcy Court has the power to punish contempt under 11 U.S.C. §105 and Fed.R.Bankr.P. 9020.

26. Defendants may be held liable for contempt because there is no fair ground of doubt as to whether the discharge applied. At least three circuit courts of appeals have held that Navient products were subject to being discharged. Two of those cases involved Tuition Answer loans.

27. The Court may impose contempt sanctions to coerce the Defendants into compliance with the discharge or compensate the Plaintiff for losses stemming from noncompliance with the discharge injunction.

28. Plaintiff seeks an award of damages for contempt for his losses stemming from Defendants' noncompliance with the discharge injunction, including but not limited to recovery of sums paid to Defendants together with prejudgment interest, harm to Plaintiff's credit resulting from reporting of the discharged debts continuing to be owed, mental anguish with regard to whether he would be able to make the payments and the negative consequences that failure to make the payments would case and attorneys' fees incurred to enforce the discharge.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be granted declaratory relief as described above, that he recover damages for violation of the discharge and for such other relief, at law and in equity, to which he may be entitled.

Dated: September 27, 2021

        Respectfully submitted,

        **BARRON & NEWBURGER, P.C.**

        <u>/s/Stephen W. Sather</u>
        Stephen W. Sather (TBA No. 17657520)
        7320 N. MoPac Expwy., Suite 400
        Austin, Texas 78731
        Telephone: (512) 649-3243
        Facsimile: (512) 476-9253

        *Attorneys for the Plaintiff*