# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOHER LEE DIAZ** <br><br> Debtor. | § § § § § | **Case No. 11-53402** |
| **CHRISTOPHER LEE DIAZ,** <br><br> Plaintiff, <br><br> v. <br><br> **NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORP., NAVIENT PRIVATE LOAN TRUST, NAVIENT FEDERAL LOAN TRUST AND VL FUNDING, LLC** <br><br> Defendants. | § § § § § § § § § § § § § § § | **Adv. Pro. No. 21-05107** |

### PLAINTIFF CHRISTOPHER LEE DIAZ'S S APPLICATION FOR PRELIMINARY INJUNCTION

COMES NOW Christopher Lee Diaz ("***Diaz***") and files this Application for Preliminary Injunction (the "***Application***") pursuant to Federal Rule of Bankruptcy Procedure 7065 and Federal Rule of Civil Procedure 65, and would respectfully show as follows:

1.  Plaintiff seeks a preliminary injunction prohibiting efforts to collect upon the debts which are the subject of this action as well as from credit reporting during the pendency of this action. Plaintiff bases his request on the fact that other similar loans have been found to be dischargeable and that prohibiting collections efforts while the case proceeds to trial will mitigate his damages.

1

# FACTUAL BACKGROUND

2. Plaintiff filed his adversary proceeding on September 27, 2021.

3. Defendants filed their answer on October 27, 2021.

4. The following allegations were made the Complaint.

5. Plaintiff, Christopher Lee Diaz, attended the University of Texas at San Antonio ("*UTSA*") from August 2005 to August 2008. He attended Northwest Vista College ("*NVC*") from July 2006 through July 2007. He additionally took a class from Davenport University ("*Davenport*") in January 2009. Together, UTSA, NVC, and Davenport are referred to as the *Schools*. While attending the Schools, Diaz applied to Sallie Mae (which subsequently became Navient) for loans. Diaz took out one Signature Student loan and eighteen Tuition Answer loans (the "*Loans*"). The Loans were based upon his personal credit and not upon his cost to attend an accredited university. While Sallie Mae requested proof of enrollment in each of the Schools, it did not tie the Loans to his cost of attendance ("*COA*"). Defendants admit that they service a number of loans for Plaintiff.

6. The Loans are summarized as follows:

| NUMBER (LAST FOUR DIGITS) | TYPE | CURRENT HOLDER | AMOUNT |
|---|---|---|---|
| 0618 | Signature Student | Navient Private Loan Trust | $20,000.36 |
| 0894 | Tuition Answer | Navient Credit Finance Corp. | $12,649.67 |
| 0902 | Tuition Answer | Navient Credit Finance Corp. | $7,426.79 |
| 0910 | Tuition Answer | Navient Credit Finance Corp. | $8,947.57 |
| 0928 | Tuition Answer | VL Funding, LLC | $6,830.14 |
| 0936 | Tuition Answer | Navient Federal Loan Trust | $5,726.18 |
| 0944 | Tuition Answer | Navient Federal Loan Trust | $9,677.74 |
| 0951 | Tuition Answer | Navient Federal Loan Trust | $7,670.37 |
| 0969 | Tuition Answer | Navient Federal Loan Trust | $8,637.85 |
| 0977 | Tuition Answer | Navient Credit Finance Corp. | $8,241.23 |

| | | | |
|---|---|---|---|
| 0985 | Tuition Answer | Navient Credit Finance Corp. | $11,236.44 |
| 0993 | Tuition Answer | Navient Credit Finance Corp. | $10,900.81 |
| 1009 | Tuition Answer | Navient Credit Finance Corp. | $13,078.91 |
| 1017 | Tuition Answer | Navient Credit Finance Corp. | $8,765.36 |
| 1025 | Tuition Answer | Navient Private Loan Trust | $12,997.35 |
| 1033 | Tuition Answer | Navient Private Loan Trust | $5,489.85 |
| 1041 | Tuition Answer | Navient Private Loan Trust | $14,220.86 |
| 1058 | Tuition Answer | Navient Credit Finance Corp. | $12,697.90 |
| 1066 | Tuition Answer | Navient Credit Finance Corp. | $11,455.50 |
| | | TOTAL | $196,650.88 |

While Defendants admit that they service a number of loans for Plaintiff, they do not admit to the specific loans.

7. Tuition Answer loans are direct to consumer private student loans. They are not made or guaranteed by any governmental or non-profit entity. They are not limited to COA at any particular school. Defendants admit that Tuition Answer loans are direct to consumer private student loans and that they are not made or guaranteed by any governmental or non-profit entity.

8. Signature Student loans are also private student loans which are not limited to the COA at any particular school.

9. None of the Loans were made, insured, or guaranteed by a governmental unit or made under any program funded in whole or part by a governmental unit or nonprofit institution. Specifically, the Loans were made by Sallie Mae, a for-profit institution.

10. None of the Loans constituted an obligation to repay funds received as an educational benefit, scholarship, or stipend. Specifically, the Loans were extensions of credit and therefore fell outside of the exception to discharge contained in 11 U.S.C. § 523(a)(8)(A)(II).

11. None of the Loans were a qualified educational loan as defined in § 221(d)(1) of the Internal Revenue Code. Specifically, they were not made to cover the COA at a Title IV

accredited institution. Rather, they were made to Plaintiff based upon his credit.

## **RELIEF REQUESTED AND BASIS THEREOF**

12. Plaintiff seeks injunctive relief (1) enjoining the Defendants from all collection activities against Plaintiff; and (2) enjoining the Defendants to immediately cease all credit reporting regarding the Plaintiff pending further order in this case.

13. FED. R. BANKR. P. 7065 states: "Rule 65 F.R.CIV.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c). FED. R. BANKR. P. 7065.

14. To secure a preliminary injunction, Diaz must establish the following four elements:

(1) a substantial likelihood of success on the merits;
(2) a substantial threat of irreparable injury if the injunction is not issued;
(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and
(4) that the grant of an injunction will not disserve the public interest.

*Janey v. Alguire*, 647 F.3d 585. 595 (5th Cir. 2011) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

15. The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987).

## **ANALYSIS**

**A. Substantial likelihood of success on the merits**

16. To establish that Diaz has a substantial likelihood of success on the merits he must present a *prima facie* case. *Janey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011).

17. In order for a student loan to be excepted from discharge it must fall within one of three categories:

> A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

18. Defendants admit that the loans do not fall within 11 U.S.C. §523(a)(8)(A)(i).

19. Courts have rejected the argument that Tuition Answer loans, such as the ones in this case, are an obligation to repay funds received as an educational benefit. *Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595 (2nd Cir. 2021); *McDaniel v. Navient Solutions, LLC (In re McDaniel)*, 973 F.3d 1083 (10th Cir. 2020).

20. A Tuition Answer loan will not be excepted from discharge if the loan exceeds the Cost of Attendance ("COA") for a school. *McDaniel v. Navient Solutions, Inc. (In re McDaniel)*, 590 B.R. 537 (Bankr. D. Col. 2018), *aff'd*, 973 F.3d 1083 (10th Cir. 2020). Plaintiff contends that the loans that he received were not tied to his COA. In the *McDaniel* case, the Bankruptcy Court found the loans were discharged. Navient appealed the finding under 11 U.S.C. §523(a)(8)(A)(ii). This strongly implies that the Court found that the Tuition Answer loans were not excluded from discharge under 11 U.S.C. §523(a)(8)(B) and did not appeal this finding.

21. Diaz asserts that the foregoing satisfies the required *prima facie* standard and therefore that he has a substantial likelihood of success on the merits.

**B. Substantial threat of irreparable injury if the injunction is not issued**

22. To satisfy the second element of the preliminary injunction standard, Diaz must demonstrate if this Court denied this Application, irreparable harm would result. Generally, a harm

is "irreparable" where there is no adequate remedy at law, such as monetary damages. However, the fact that economic damages *may* be available does not decisively conclude that a remedy at law is adequate. For example, some courts have concluded that a remedy at law is inadequate if the remedy could only be obtained by pursuing multiple actions. *Janey*, 647 F.3d at 600.

23. Here, the injunctive relief requested is necessary to prevent irreparable harm because the Defendants' collection and credit reporting activities are inflicting significant stress upon Diaz's mental and economic well-being. Specifically, the ongoing harm to Diaz's credit creates a long-term injury that is not easily remedied by monetary damages. This harm is worsened by the fact that Diaz has been working tirelessly to improve his financial situation since the Loans were discharged back in 2012.

**C. The injury if the injunction is denied outweighs any harm from granting it**

24. No harm will occur to the Defendants by the proposed injunctive relief. In this Application, Diaz has requested: (1) that the Defendants immediately cease all collection activities against Diaz; and (2) that the Defendants immediately cease all credit reporting regarding the Plaintiff. By granting this injunctive relief, it's difficult to fathom any potential harm whatsoever befalling the Defendants. Therefore, it's essentially indisputable that Diaz's potential injury from denying this Application outweighs any harm to the Defendants by granting it.

**D. The public interest will not be disserved by granting the injunctive relief requested**

25. The public interest will not be disserved by granting the injunctive relief requested herein. By granting the injunctive relief, the Court is simply ordering a moratorium on Defendants' activities regarding Diaz until a final decision in this Case can be reached.

## **CONCLUSION**

26. For the foregoing reasons, Diaz respectfully requests that this Court enter a

preliminary injunction against the Defendants as described above.

Dated: December 15, 2021

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-3243
Facsimile: (512) 476-9253


By: */s/ Stephen W. Sather*
Stephen W. Sather (SBN. 17657520)
Gregory M. Friedman (SBN. 24116394)

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I certify that on December 15, 2021, a true and correct copy of the foregoing was served by electronically by the Court's ECF system to the party listed below:

Thomas M. Farrell
McGuire Woods LLP
600 Travis St, Suite 7500
Houston, TX 77002
tfarrell@mcguirewoods.com

*Attorney for Defendants*

*/s/ Stephen W. Sather*
Stephen W. Sather (SBN. 17657520)